*Moreau & Davis*—for plaintiff.

---

### WILLIAMS' EXECUTORS vs. FRANKLIN & AL.

When delivery does not follow sale, parol evidence is admissible to shew from what causes possession was retained by the vendor.

The attorney being entitled to a tax fee does not disqualify him from being a witness.

A sale of moveables is good against third persons, although the seller retain possession under the title of usufruct.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner stated that he purchased by public act from Charles A. Warfield, half of the furniture and fixings of the planters' and merchants' hotel, and that the property so purchased was left in the possession of the vendor: that the sheriff of the parish of New Orleans, at the instance of one Thomas Franklin, has seized the said property, under a process from the parish court, and refuses to deliver it. He concludes by praying judgment against the defendant for the property, and in case of the

failure to deliver it up for $5000, the value
thereof.

The defendants pleaded several exceptions in the court of the first instance, which were overruled. One of them went to the jurisdiction of the tribunal where the suit was brought. But as that defect was not *ratione materiæ*, it might be waved, and has been waved before the court. We shall therefore proceed to decide the case on the merits.

The defendant, Franklin, pleaded first the general issue; and further that the property seized by the sheriff was the partnership property of Franklin and Warfield, found in their possession, in the planters' hotel, in canal street, in this city, and that on a settlement of said partnership, and the payment of its debts, the defendant was entitled to one half the remaining balance of the partnership stock.

Morgan pleaded the general issue, and avered that he had sold the property by order of said court.

There was judgment for the plaintiff in the court of the first instance, and the defendant appealed.

There are several exceptions taken by the

Eastern Dist.
*April* 1829.

WILLIAMS'
EXECUTORS
*vs.*
FRANKLIN
& AL.

defendant. The first was to the testimony of the notary public who drew up the act of sale. He was introduced to prove that a counter letter also read in evidence by the plaintiff was given immediately after the act passed before him was executed; and to prove other circumstances which shewed the transaction was *bona fide.* The objection to his evidence is *first,* that it violates that rule of our law which forbids any thing that was said before, or at the time, or after the passing of the act, to be proved by parol evidence; and *second,* that the proof established a different contract from that set forth in the petition.

Neither of these objections can be sustained by this court. The proof was not introduced to contradict the act, nor to add to its force. By the act of sale, the vendor reserved to himself the possession. The 2456th article of the Louisiana code provides that in such cases the sale is presumed to be simulated. "And with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale." The evidence therefore was properly offered and received to destroy the presumption of fraud created by the act of sale, and there is no con-

tradiction between the proof given of the con-Eastern Dist.
*April* 1829..
sideration, and that expressed in the instru-
ment passed before the notary, which would WILLIAMS'
EXECUTORS
*vs.*
FRANKLIN
& AL.
induce us to conclude the transaction was a
fraudulent one. The parties may have con-
sidered the plaintiff's indorsement of the ven-
dor's note as equivalent to money.

The same reasons justify the introduction
of the curator's letter, and the protest shewing
the dishonor of the vendor's note, and the plain-
tiff being compelled to take it up.

The objection to the attorney for the plain-
tiff being permitted to testify, is disproved by
the 2261st article of our code, which makes no
exception in cases where the law gives a tax
fee. Now, when there is a commission on the
money received, on general principles, this last
objection would not be good against a factor,
and we do not see why it should be a valid
one in relation to an attorney. 2 *Starkie* 768·

It has been contended on the merits, that
there is not sufficient evidence the objects sued
for are the same which have been sequestered
and taken into possession by the defendants.—
But we think with the court below, that the
evidence satisfactorily establishes the identity;

Eastern Dist.
*April*, 1829.

WILLIAMS'
EXECUTORS
*vs.*
FRANKLIN
& AL.

and as to the objection that the court should not have received the testimony, because the objects were not specially made out in the petition, we can find no bill of exceptions taken to the proof, and if there had been, we do not think it could have availed the defendant; the one half of the furniture and fixtures in a house, was a good description in the act of sale, and the same terms were sufficiently explicit in the petition.

It is contended that the rights of the defendant, Franklin, who entered into partnership with the vendor subsequent to the act of sale, are of a higher nature on the property sold than those of the plaintiff, and that a settlement of the partnership affairs must take place before any part of the stock can be touched by the plaintiff. The soundness of this argument depends on the fact, whether the petitioner was, or was not owner of the property; and if he was, whether he sold it by such a transfer, as could affect the defendant. The conveyance, there can be no doubt, transferred to the plaintiff a title to all the objects embraced by it.— The deed was authentic and had a certain date against third parties. The 2243d article of

Eastern Dist.
*April* 1829.

WILLIAMS'
EXECUTORS
*vs.*
FRANKLIN
& AL.

the code requires possession to follow a sale of moveables, in order that it may have effect against purchasers and creditors. The defendant is certainly not a purchaser, and it may be doubted whether he is a creditor. But admitting him to be the latter, the 2456th article recognizes the validity of sales of moveables against third persons, when the seller retains possession under the title of usufruct, or by a precarious title. To give effect to these two provisions, we are compelled to consider the cases put in the article last cited, as exceptions to the rule contained in the 2243d.

It appears to us therefore that the plaintiff was the owner of the property, and if the defendant received into the partnership effects which did not belong to his partner, this circumstance could not affect the right of those to whom it belonged. The owner is not obliged to have the claim settled in the *concurso* because the property did not vest in the partnership and could not be surrendered by it to the creditors.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Hennen* for plaintiff—*Nixon* for defendant.